**Willie C. DUNCAN, Defendant-Appellant,**

v.

**STATE of Delaware, Plaintiff-Appellee.**

Supreme Court of Delaware.

Submitted Aug. 5, 1977.

Decided Oct. 7, 1977.

Willie C. Duncan, pro se.

Harrison F. Turner, Deputy Atty. Gen., Dover, for the State.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

Defendant was convicted in the Superior Court of carrying a concealed deadly weapon in violation of 11 *Del.C.* § 1442.[1] He appeals, arguing that he was prohibited by the Trial Judge from raising a material defense to the charge.

It appears to be undisputed that defendant is an employee of the Delaware Correctional Center and that, in the course of performing his duty, he is authorized to carry a weapon. That authority is derived from 11 *Del.C.* § 6561 which provides:

"(a) All correctional officers and employees of the Department shall have the full power of a State Police officer when:

(1) On duty at one of the correctional institutions; or

(2) In charge of prisoners at any place within the State and while going to or returning from such duty; or

(3) Searching for escaped prisoners.

(b) Only those correctional officers and employees who have been sworn in by the Commissioner shall have the power of a police officer under this section. The Board shall provide appropriate identification for all such correctional officers and employees."

Defendant contends that at the time of his arrest with the weapon he was traveling from his home in Woodside, Delaware to Sudlersville, Maryland for the purpose of participating in a regularly scheduled firearm practice incident to his duties as an employee of the Correctional Center. During a special hearing on this issue, not heard by the jury which tried the case, the evidence was in conflict as to where defendant was going when he was arrested. But the Trial Judge ruled that, assuming "defendant was on his way to a regularly scheduled firearm practice, this would not be a defense to a violation of 11 *Del.C.* § 1442." The propriety of that ruling is the crucial issue in this appeal.[2]

Under the ruling by the Superior Court, defendant may be prosecuted, convicted and sentenced by the State for doing the very act that the State obliged him to do, that is, carry a weapon to a "regularly scheduled firearm practice." Indeed, on the present record it appears that that is exactly what has taken place because defendant was denied an opportunity to put before the jury evidence of his status and conduct at the time of arrest.

---

1. 11 *Del.C.* § 1442 provides:

"A person is guilty of carrying a concealed deadly weapon when he carries concealed a deadly weapon upon or about his person without a license to do so as provided by § 1441 of this Criminal Code.

Carrying a concealed deadly weapon is a class E felony."

2. We emphasize that our decision resolves an evidentiary question, only. We do not resolve the conflict as to defendant's status or conduct at the time of arrest. That issue is to be determined by the trier of fact on remand.

It seems to us that these circumstances are so strongly akin to entrapment that we should look to the law governing that concept for guidance. Entrapment, of course, generally concerns a conscious effort by a police officer to procure the commission of an offense by one who would not have perpetrated it but for the officer's inducement. 21 *Am.Jur.2d*, Criminal Law § 143. But, in defense of such charge, the judicial process distinguishes between a defendant who was induced to do a criminal act after the criminal intent originated in the mind of an entrapping officer, and a defendant who was caught in the execution of a criminal act of his own planning when the State merely set a trap for the arrest. *Id.* at 212. The focus is thus upon the criminal intent or predisposition of the defendant to commit the crime charged. *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

Although we do not suggest that the State has consciously and actively set a trap for defendant in this case, it may have constructively done just that; indeed, to the extent defendant was obliged to attend a firearm practice, the State's action may have gone beyond inducement to command. In any event, by analogy to the law governing entrapment, we conclude that defendant is entitled to offer evidence on this critical issue.

We also note that if the evidence is not admitted, the State may well be violating a basic norm of justice. Specifically, the total posture may have reached a position which "is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United States v. Russell*, 411 U.S. 423, 431–32, 93 S.Ct. 1642–43, 36 L.Ed.2d 366 (1972). Compare *Crosby v. State*, Del.Supr., 295 A.2d 708 (1972).

\* \* \*

Reversed and remanded for a new trial.